# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CORTEZ HASBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2445-JDT-cgc |
| | ) | |
| COREY D. QUINN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* prisoner Plaintiff, Cortez Hasberry, who is incarcerated at the Morgan County Correctional Complex, filed a complaint pursuant to 42 U.S.C. § 1983 concerning his previous incarceration at the West Tennessee State Penitentiary in Henning, Tennessee. (ECF No. 1.) After Plaintiff filed a motion to proceed *in forma pauperis*, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. § 1915(a)-(b). (ECF Nos. 4 & 5). On September , 2015, the Court partially dismissed the complaint and directed that process be issued and served on the Defendant, Corey D. Quinn. (ECF No. 6.)

The process issued for Defendant Quinn was returned unexecuted, with the U.S. Marshal noting that Quinn was no longer employed at the WTSP. (ECF No. 9 at 1, 3.) Therefore, on November 3, 2015, the Court directed that a third-party subpoena be issued for

the Tennessee Department of Correction ("TDOC"), requiring TDOC to provide the Court with either Quinn's last known home address and telephone number or his current place of employment. (ECF No. 11.) TDOC complied with the subpoena and supplied the Court with Quinn's last known home address and telephone number. (ECF No. 15.) Process for Defendant Quinn was re-issued with that information (ECF No. 16) but was again returned unexecuted on February 22, 2016 (ECF No. 17). Despite multiple attempts, the Marshal was unable to contact anyone at any of the residences located at the address provided for Quinn. (*Id.* at 1, 3.)

On February 22, 2016, the Court issued an order directing Plaintiff to provide, within thirty days, any further information he may have concerning the Defendant Quinn that might assist the Marshal in serving process. (ECF No. 18.) Plaintiff was warned that failure to provide any additional information would result in dismissal of this case. (*Id.* at 2.)

Almost sixty days have passed, and Plaintiff has submitted no further information with regard to the whereabouts of Defendant Quinn. Therefore, this case is hereby DISMISSED without prejudice for failure to serve process, pursuant to Fed. R. Civ. P. 4(m).

Pursuant to 28 U.S.C. § 1915(a)(3), it is CERTIFIED that an appeal by Plaintiff would not be taken in good faith. If Plaintiff nevertheless appeals the dismissal of this case and wishes to take advantage of the installment procedures contained in 28 U.S.C. § 1915(b) to pay the $505 appellate filing fee, he must comply with the procedures set out in § 1915(a)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), by filing an

2

updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                        s/ **James D. Todd**
                                        JAMES D. TODD
                                        UNITED STATES DISTRICT JUDGE